Filed 1/11/23  P. v. Vallery CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>RAYNARD JOHNNY VALLERY,<br><br>　　　Defendant and Appellant. | B318292<br><br>(Los Angeles County<br>Super. Ct. No. A782361-02) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Frederick N. Wapner, Judge.  Reversed and remanded with directions.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior

Assistant Attorney General, Charles S. Lee and Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Based on crimes committed in 1986, Raynard Johnny Vallery was convicted following a jury trial in 1989 on two counts of first degree murder and two counts of robbery with true findings on multiple-murder and felony-murder special-circumstance allegations. In January 2019 Vallery petitioned for resentencing pursuant to Penal Code section 1172.6 (former section 1170.95).[1] The superior court denied the petition without holding an evidentiary hearing, finding Vallery "clearly acted with the intent to kill." We reverse the order denying Vallery's petition and remand with directions to issue an order to show cause and conduct further proceedings in accordance with section 1172.6, subdivision (d).

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Vallery's Murder Convictions*

As detailed in our nonpublished opinion affirming Vallery's convictions (*People v. Vallery* (July 13, 1995, B045376), the evidence at trial, viewed through the deferential lens applicable on direct appeal, established that Vallery and Guy Ross during the evening of April 14, 1986 formulated a plan to rob a neighborhood liquor store and kill the husband and wife owners to avoid capture.[2] The following morning the two men carried out

_____

[1]    Statutory references are to this code.

[2]    Vallery in his opening brief "adopt[ed] the Statement of Facts contained in this Court's prior opinion on direct appeal" for purposes of a summary of the evidence presented at trial, while emphasizing, because of the applicable standard of review, it was written in the light most favorable to the People.

2

their plan.  While Vallery subdued and held the wife in the front of the store, Ross stabbed the husband to death in a back room after he claimed his wife had the combination to the store's safe.  Ross then stabbed the woman to death when she said her husband had the combination.  Ross and Vallery fled with a small amount of cash and some liquor.

According to our opinion, after being arrested Vallery admitted taking the knife to the store and pointing it at the wife, then giving it to Ross inside the store.  Vallery also admitted to police officers that he and Ross had agreed they could not leave a witness, and Vallery originally had planned to kill the owners with his hands.

As we explained in affirming Vallery's convictions, because the murders occurred in 1986, a true finding on the robbery-murder special-circumstance allegation required proof the defendant acted with an intent to kill.  On appeal Vallery contended the special-circumstance instruction given in his case failed to accurately set forth that requirement.  We rejected his argument, holding, "Here, the instruction adequately informed the jury that, if they found 'the murder occurred during the course of a robbery, and that the defendant has been convicted of [multiple murders],' it 'must find beyond a reasonable doubt that the defendant intended to kill a human being.' . . .  Simply stated, findings under either a felony murder or deliberate, premeditated theory did not permit the jury to make the special circumstance finding unless and until it found an intent to kill."

## 2. *Vallery's Petition for Writ of Habeas Corpus*

On July 17, 2018 the superior court (Hon. Frederick N. Wapner)[3] denied Vallery's petition for writ of habeas corpus, which was based on the Supreme Court's then-recent decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) identifying factors for assessing whether the evidence at trial supported a jury's felony-murder special-circumstance finding (§ 190.2, subd. (a)(17)). In its order denying the petition the court identified the sole question presented as where Vallery fell "on the so-called *Tison-Edmund* continuum," referring to two United States Supreme Court decisions, one in which the Supreme Court held the aider and abettor's role qualified him for the death penalty under the felony-murder rule and the other where the conduct was insufficient to qualify for the death penalty. After briefly discussing those two cases, the court ruled, "Where petitioner falls on this spectrum is not a close question. He helped plan the crime where he and the co-defendant planned not only to rob the victims, but to kill them because the victims knew them and would be able to identify them. They took a knife with them. The co-defendant stabbed the husband to death first, while petitioner Vallery was holding his wife. The co-defendant then stabbed her to death. Both defendants fled and hid the knife. . . . The petitioner is even more culpable than Tison [whose death sentence was upheld by the United States Supreme Court]."

---

[3] Hon. Bernard J. Kamins, who presided at Vallery's trial, retired prior to the habeas corpus proceedings.

4

### 3. *Vallery's Petition for Resentencing*

On January 9, 2019 Vallery, representing himself, filed a petition for resentencing under former section 1170.95, checking boxes on the printed form establishing a facially sufficient case for resentencing relief, including the boxes stating he had been charged with murder by complaint, information or indictment that allowed the prosecution to procced under a theory of felony murder or murder under the natural and probable consequences doctrine, at trial he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, he was not a major participant or did not act with reckless indifference to human life during the course of the underlying felonies, and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 by Senate Bill No. 1437 (Stats. 2018, ch. 1015) (Senate Bill 1437). Vallery requested the court appoint counsel.

The prosecutor filed a response to the petition arguing the record of conviction, including the appellate record and our opinion affirming the judgment, established Vallery was ineligible for resentencing relief because the jury found he had acted with the intent to kill the two possible witnesses to the robbery and there was more than enough evidence to prove he was a major participant in the robbery who acted with reckless indifference to human life as defined by amended section 189, subdivision (e)(3).[4]

---

[4] The prosecutor's response also argued Senate Bill 1437 was unconstitutional, a contention not asserted by the People on appeal.

The court appointed counsel to represent Vallery. After several continuances Vallery's counsel filed a response stating he had thoroughly reviewed the record on appeal and researched applicable legal issues and concluded there were no reasonably arguable issues to present in response to the prosecutor's opposition memorandum.

At a hearing on January 14, 2022, after the parties submitted on their papers, the court (Judge Wapner) denied the petition, stating, "The defendant clearly acted with the intent to kill. This was a planned execution of two people so they would leave no witnesses in a robbery attempt."

Vallery filed a timely notice of appeal.

## DISCUSSION

1. *Section 1172.6 (Former Section 1170.95)*

As is now familiar to bench and bar, Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Strong* (2022) 13 Cal.5th 698, 707-708 (*Strong*); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

Senate Bill 1437 also authorized, through former section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder because of Senate Bill 1437's changes to the definitions of the crime. (See *Strong, supra,* 13 Cal.5th at

6

p. 708; *Lewis, supra*, 11 Cal.5th at p. 957; *People v. Gentile, supra*, 10 Cal.5th at p. 843.) As amended by Senate Bill No. 775 (Stats. 2021, ch. 551, § 2), these ameliorative changes to the law now expressly apply to attempted murder and voluntary manslaughter.

If the petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief (§ 1172.6, subd. (b)(1)(A)), the court must appoint counsel to represent the petitioner, if requested (§ 1172.6, subd. (b)(3)), and direct the prosecutor to file a response to the petition, permit the petitioner to file a reply and determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subd. (c); see *Lewis, supra*, 11 Cal.5th at pp. 962-963.)

In determining whether the petitioner has carried the burden of making the requisite prima facie showing, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, 11 Cal.5th at p. 971; see *People v. Mancilla* (2021) 67 Cal.App.5th 854, 864-865.) However, "the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause. . . . However, if the record, including the court's own documents, contain[s] facts refuting the allegations made in the petition, then the court is justified in making a credibility

determination adverse to the petitioner." (*Lewis*, at p. 971, internal quotation marks omitted.)

When a petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1172.6 and is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subd. (d)(1).) At that hearing the court may consider evidence "previously admitted at any prior hearing or trial that is admissible under current law," including witness testimony. (§ 1172.6, subd. (d)(3).) The petitioner and the prosecutor may also offer new or additional evidence. (*Ibid.*)

   2. *The Special-circumstance Instruction and Jury Verdict Do Not Establish Vallery's Ineligibility for Resentencing Relief as a Matter of Law*

     a. *The superior court engaged in impermissible factfinding*

The superior court did not explain the basis for its finding that Vallery was ineligible for resentencing relief because he "clearly acted with the intent to kill," either at the hearing held on January 14, 2022 or in its written order following that hearing. However, given the court's observation that Vallery and Ross planned in advance to kill any witnesses to the robbery—detail described in our opinion affirming the convictions and in the court's earlier order denying Vallery's petition for writ of habeas corpus,[5] but not part of the jury's verdict in the case—it is

---

[5] The prosecutor included both our opinion and the superior court's ruling denying Vallery's petition for writ of habeas corpus

8

apparent, as Vallery argues, that the court engaged in judicial factfinding not permitted at the prima facie stage of section 1172.6 proceedings. (See *Lewis*, *supra*, 11 Cal.5th at pp. 971-972.)

Although acknowledging the superior court did not refer to the verdict in denying Vallery's petition, the Attorney General insists the court did not engage in improper factfinding because the jury necessarily found Vallery had acted with the intent to kill in finding true the robbery-murder special-circumstance allegation. Recognizing (but not conceding) the non sequitur, the Attorney General elsewhere argues, even if the rationale for the superior court's ruling was incorrect, we should affirm its order based on the jury's necessary finding of intent to kill because ""a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason."" (*People v. Turner* (2020) 10 Cal.5th 786, 807; accord, *People v. Smithey* (1999) 20 Cal.4th 936, 972.) Although this statement of appellate practice is accurate, it is inapplicable here. Because of an apparent error or omission in the trial court's special-circumstance instructions—at least as it appears from the limited record now before us—the jury's verdict does not establish Vallery's ineligibility for resentencing relief as a matter of law.

      b. *The jury did not necessarily find that Vallery had the intent to kill both victims*

"[A]s it stood in 1990, state law made only those felony-murder aiders and abettors who intended to kill eligible for a death sentence." (*Banks, supra*, 61 Cal.4th at p. 798; accord, *People v. Mil* (2012) 53 Cal.4th 400, 408-409 ["In *People v.*

---

as exhibits to his memorandum opposing Vallery's petition for resentencing.

9

*Anderson* (1987) 43 Cal.3d 1104 [the Supreme Court] determined that the felony-murder special circumstance, as it then read, applied only to the actual killer or to an aider and abettor who intended to kill. [Citation.] In 1990, the voters approved Proposition 115, which expanded the scope of Penal Code section 190.2 by adding subdivisions (c) and (d). Accordingly, a person other than the actual killer is now subject to the death penalty or life imprisonment without the possibility of parole if that person intended to kill *or* was a major participant in the underlying felony and acted with reckless indifference to human life"].)

Our opinion affirming Vallery's convictions quoted a portion of the special-circumstance instructions given at trial: "If you find the defendant in this case guilty of murder of the first degree, you must then determine if one or more of the following special circumstances are true or not true: [¶] Number 1, that the murder occurred during the course of a robbery, and that the defendant has been convicted in this proceeding of more than one murder in the first degree and one or more crimes of the first or second degree murder. [¶] The People have the burden of proving the truth of a special circumstance. [¶] If you have a reasonable doubt as to whether a special circumstance is true, you must find it to be not true. [¶] If you find beyond a reasonable doubt that the defendant was either the actual killer,[6] a co-

_____

6        In *Carlos v. Superior Court* (1983) 35 Cal.3d 131 the Supreme Court held the felony-murder special circumstance required an intent to kill even if the defendant was the actual killer. *People v. Anderson, supra*, 43 Cal.3d at page 1147 overruled *Carlos* insofar as it required an intent to kill for the actual killer in a felony-murder case, but left in place the intent requirement for aiders and abettors. (See *Banks, supra*,

10

conspirator or an aider or abettor, then you must also find beyond a reasonable doubt that the defendant *intended to kill a human being* in order to find the special circumstance to be true. . . ." (Italics added, concluding ellipses in original.)

The language quoted in our opinion appears to combine elements from CALJIC Nos. 8.80, "Special Circumstances—Introductory"; 8.81.3, "Special Circumstances—Multiple Murder Convictions"; and 8.81.17, "Special Circumstances—Murder in Commission of ____." At the time of Vallery's trial CALJIC No. 8.80 (5th ed. 1988) included as an optional additional paragraph the admonition, "You must decide separately each special circumstance alleged in this case [as to each of the defendants]. If you cannot agree as to all of the special circumstances, but can agree as to one [or more of them], you must make your finding as to the one [or more] upon which do agree.]" The record before us does not include the special-circumstance instructions given at trial, and the ellipses in our opinion on direct appeal when quoting the instructions make it impossible for us to determine whether the trial court included this additional language.

In its verdict on the special circumstances the jury found true the allegations that Vallery "has been convicted in this proceeding of one or more murder(s) in the first degree and one or more crimes of first or second degree murder within the meaning of Penal Code Section 190.2(a)(3) [multiple murders]" and that

---

61 Cal.4th at p. 798.) Because the crimes with which Vallery was charged took place prior to the 1987 decision in *Anderson*, the trial court was required to, and did, instruct in accordance with *Carlos*, as we noted in our opinion. However, it was undisputed Ross, not Vallery, was the actual killer of both victims.

"the murders of JUNG KUEN CHONG and JUNG RAN CHONG were committed, aided and abetted, or assisted by defendant RAYNARD VALLERY while said defendant was engaged in the commission of, and/or an accomplice in the commission of, to commit the crime of robbery . . . within the meaning of Penal Code Section 190.2(a)(17) [felony murder]."[7]

Regardless of his intent, as an aider and abettor of the robberies during which the two victims were killed by Ross, Vallery was guilty of two counts of first degree murder. (See *Strong, supra*, 13 Cal.5th at p. 704 [under the felony-murder rule as it existed prior to enactment of Senate Bill 1437, "when the defendant or an accomplice kill[ed] someone during the commission, or attempted commission, of an inherently dangerous felony,' the defendant could be found guilty of the crime of murder, without any showing of 'an intent to kill, or even implied malice, but merely an intent to commit the underlying felony.' [Citation.] Murders occurring during certain violent or serious felonies were of the first degree, while all others were of the second degree"]; *People v. Lewis* (2001) 25 Cal.4th 610, 642 ["[l]iability for first degree murder based on a felony-murder theory is proper when the defendant kills in the commission of robbery, burglary, or any of the other felonies listed in section 189"].) In that context, Vallery contends, because the special-circumstance instruction specified the jury had to find he intended to kill "a human being" while committing one or more first degree murders, the jury could have found the felony-murder special-circumstance allegation true as to both victims even if he intended to kill only the wife and not her husband. (Recall,

---

[7]     At the Attorney General's request, we augmented the record on appeal to include this verdict form.

12

Vallery was restraining the wife in the front of the store when Ross stabbed her husband to death in a back room after he failed to reveal the safe's combination.  Ross then returned to the front of the store and killed the wife.)

The Attorney General disputes this interpretation, explaining, "The prosecution's case was that the two murders took place in the same course of events . . . .  [T]he jury could not have found that appellant intended to kill one victim without finding that he intended to kill the other."  While that is a reasonable—perhaps nearly inevitable—interpretation of the trial evidence and the resulting jury verdict, for us to accept that analysis would require judicial factfinding.  As such, it does not defeat Vallery's prima facie showing of eligibility for resentencing relief.  And given the limited information we have as to the jury's instructions, Vallery's contention is not implausible, requiring the issuance of an order to show cause and an evidentiary hearing to determine whether the petition should be granted.

## DISPOSITION

The postjudgment order denying Vallery's petition for resentencing is reversed. On remand the superior court is to issue an order to show cause and to conduct further proceedings in accordance with section 1172.6, subdivision (d).


PERLUSS, P. J.


We concur:


SEGAL, J.


HOWARD, J.*

---

\* Judge of the Marin County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14